## Commonwealth v. Kerr

*Kevin Kane, assistant district attorney,* for the Commonwealth.

*Eugene Beechwood,* for defendants.

SMITH, *J.*, June 26, 1986—These two summary appeals have been consolidated because they present a common question: whether evidence of speeding obtained through timing devices formerly prohibited can be used under a new statute allowing them without violating the ex post facto clauses. We hold that such evidence may be used, and find for the Commonwealth.

Both defendants were clocked travelling over the posted 55-mile-per-hour speed limit[1] by township police with a VASCAR-plus Average Speed Computer. They were convicted of violating 75 Pa.C.S. §3362(a)(2). Defendants submitted evidence that the VASCAR:

". . . is an electronic device because it contains electronic components such as a quartz crystal oscillator, resistors, transistors and an integrated circuit chip (microprocessor). These components are arranged into a circuit which accumulates information in the form of pulses from the Odometer Module and compares this data via digital logic to time pulses received from the quartz crystal oscillator according to pre-programmed software instructions; in this case, the instructions are to divide the distance by time to arrive at an average speed." (Ex. D-1). In other words, the VASCAR is a measuring system with its own internal computer which receives two electrical pulses, one for each point on a road a car passes, and calculates the car's speed. Defendants argue that because the computers are electronic, their use by the Uwchlan and Tredyffrin Township police violated section 3368. They argue, furthermore, that we may not use the relaxed evidentiary standards contained in section 3368's

---

1. Mr. Creato was travelling 76.5 miles per hour. Mr. Kerr was travelling 81.6 miles per hour.

recent amendments, because these were passed ex post facto.

Section 3368(c) originally provided:

"(1) The rate of speed of any vehicle may be timed on any highway by a police officer using a mechancial or electrical speed-timing device.

"(2) Electronic devices such as radio-microwave devices (commonly referred to an electronic speed meters or radar) may be used only by members of the Pennsylvania State Police. No person may be convicted upon evidence obtained through the use of such devices unless the speed recorded is six or more miles per hour in excess of the legal speed limit."

Although section 3368 permits local police to use both mechanical and electrical speed-timing devices, court decisions excluded evidence from any device which had any electronic equipment attached to it, regardless of the overall character of the device.[2] Thus, in Commonwealth v. DePasquale,

---

2. The legislative history of section 3368 (as House Bill 1817) reveals that the General Assembly wished to deprive local police of *radar.* (See House Journal, March 10, 1976, pp. 3940-3946; House Journal, March 22, 1976, pp. 4034-4039; Senate Journal, June 2, 1976, p. 1636; Senate Journal, June 15, 1976, p. 1699; Senator Lynch: "State Police are the only ones authorized to use radar.") Initially categorized as "electrical" in early versions of the bill, radar was termed "electronic" in later versions of House Bill 1817, and local police were allowed to use mechanical and electrical devices. Cf. H. B. 1817 Printer's numbers 2326, 2774 and 3002 with 3266 and 3406. The recategorization of radar as "electronic" and the shifting of "electrical" into the control of local police thus shows that the General Assembly was referring to the type of *detection* devices permitted. Thus, systems like the VASCAR-plus and the ESP machine in Commonwealth v. DePasquale, 509 Pa. 183, 501 A.2d 626 (1985), are permissible because their mechanism of detection relies on mechanical and electrical impulses triggered by a car passing two designated points. Ra-

509 Pa. 183, 501 A.2d 626 (1985), our Supreme Court found that a speeding detection system with an internal computer which translated electrical impulses triggered by a car's tires into miles per hour, constituted an electronic device and thus could not be used by local police.

The General Assembly has since amended section 3368(c) allowing local police to use "electronic devices which calculate speed by measuring elapsed time between measured road surface points by using two sensors and devices which measure and calculate the average speed of a vehicle between any two points."[3]

---

dar, on the other hand, relies on electronic principles to detect speed.

Though the VASCAR-plus and the ESP systems have electronic components, these components are merely computers used to calculate (not detect) miles per hour. The failure to make this distinction between detection and calculation could deprive local police of a large portion of their arsenal of apprehension: normal electrical devices, such as VASCAR and ESP could mistakenly be termed electronic because they contain a computer; electronic stop watches, although the detection device is the human eye, could be excluded; pocket calculators could even be prohibited. Our interpretation of the earlier statute is supported by the administrative interpretation. See 67 Pennsylvania Code §§ 105.56-105.75. Furthermore, as noted above, such mistaken interpretation excludes all electrical devices, making the "electrical" in section 3368 surplussage.

As we are able to resolve this case on the basis of the recent amendments to section 3368, however, we proceed no further with this argument.

3. The amendments provide in full:

"Except as otherwise provided in paragraph (3), electronic devices such as radio-microwave devices (commonly referred to as electronic speed meters or radar) may be used only by members of the Pennsylvania State Police. No person may be convicted upon evidence obtained through the use of such devices unless the speed recorded is six or more miles per hour in excess of the legal speed limit.

The VASCAR-plus falls within this exception. Therefore the evidence showing that defendants exceeded the 55-mile-per-hour speed limit is admissible.

Defendants argue that the amendments to section 3368 violate the ex post facto clauses of the state and federal Constitutions, because they alter the evidence needed to convict.

The United States Constitution provides that "[n]o state shall . . . pass any . . . ex post facto law." U. S. Const., Article I, §10. In Calder v. Bull, 3 Dall. (U.S.) 386 (1798), the Supreme Court defined ex post facto to include "[e]very law that alters the legal rules of evidence, and receives less or different, testimony, that the law required at the time of the commission of the offense, in order to convict the offender."

In Commonwealth v. McElhenny, 329 Pa. Super. 240, 478 A.2d 447 (1984), the Commonwealth introduced tapes of emergency phone calls under a new statute, although the prior rules of evidence declared such evidence inadmissible. The Superior

---

"(3) Electronic devices which calculate speed by measuring elapsed time between measured road surface points by using two sensors and devices which measure and calculate the average speed of a vehicle between any two points may be used by any police officer.

"(4) No person may be convicted upon evidence obtained through the use of devices authorized by paragraphs (2) and (3) unless the speed recorded is six or more miles per hour in excess of the legal speed limit. Furthermore, no person may be convicted upon evidence obtained through the use of devices authorized by paragraph (3) in an area where the legal speed limit is less than 55 miles per hour if the speed recorded is less than 10 miles per hour in excess of the legal speed limit. This paragraph shall not apply to evidence obtained through the use of devices authorized by paragraph (3) within a school zone."

Court held that this statute did not violate ex post facto:

"It did not alter the evidence necessary to convict the offender. That is, it did not change the legal definition of the crime; it did not change the prohibited behavior or what the state had to show to prove the commission of the crime . . . . It is understandable that a mere alteration in the admissibility of a piece of evidence does not violate the ex post facto clause when one realizes that "[i]t attempts to preserve for persons the right to fair warning that their conduct will give rise to criminal penalties." Id. at 243-244, 478 A.2d at 449.

Here, the amendments to section 3368 neither deprive defendants of notice that exceeding the speed limit would result in criminal sanctions, nor do they alter the evidence necessary to convict. Speeding has always been a criminal offense. The use of the VASCAR-plus results is proper and, because the machine shows that defendants exceeded the speed limit in violation of section 3362, we find them both guilty of speeding.

## ORDER

And now, this June 26, 1986, the appeals of defendants are denied and findings of guilt are entered; defendants, having waived their right to appear before this court, have consented to findings of guilt in their absence.